UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| REGINALD A. MORGAN, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. 4:17-cv-1640-SPM |
| LAURENT JAVOIS, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* petitioner Reginald A. Morgan for leave to proceed in forma pauperis in this civil action, filed pursuant to 28 U.S.C. § 2254. The motion will be granted, and the petition will be dismissed.

### Procedural History[1]

In 1992, Morgan was charged in Missouri state court with first degree assault, armed criminal action, and unlawful use of a weapon for allegedly stabbing a man. In March of 1994, the Circuit Court of the City of St. Louis entered judgment acquitting Morgan on the ground of mental disease or defect, and ordered him committed to the custody of the Department of Mental Health. The court ordered that Morgan was not to be released except in accordance with statutory procedures and court approval. Morgan has been in psychiatric care ever since.

---

[1] The following procedural history is drawn from earlier proceedings. *See Morgan v. Lacy*, No. 4:05-cv-263-HEA/MLM, 2005 WL 2290578 (E.D. Mo. Sept. 20, 2005); *Morgan v. Javois*, 744 F.3d 535 (8th Cir. 2013). The Court takes judicial notice of these records. *See Cravens v. Smith*, 610 F.3d 1019, 1029 (8th Cir. 2010) (*quoting In re Papatones*, 143 F.3d 623, 624 n. 3 (1st Cir. 1998) ("The court may take judicial notice of its own orders and of records in a case before the court."))

Over the years, Morgan has applied to state and federal courts seeking release on various grounds. In January 2014, he filed a petition for writ of habeas corpus in this district court. *Morgan v. Javois*, Case No. 4:14-cv-150-JMB (E.D. Mo. Nov. 5, 2015). While that petition was pending, Morgan filed a state court application for release. The Circuit Court denied Morgan's application, and he appealed that judgment to the Missouri Court of Appeals. *See In the Matter of: Reginald Morgan*, Case No. ED 102470 (Mo. Ct. App. Apr. 29, 2015). However, because Morgan failed to comply with Missouri Supreme Court Rules, the Court of Appeals dismissed his appeal on April 29, 2015. Subsequently, on November 5, 2015, this United States District Court dismissed Morgan's petition. The Court wrote, inter alia, that to the extent Morgan could be understood to assert a claim under *Foucha v. Louisiana*, 504 U.S. 71 (1992), such claim was procedurally barred. Morgan does not assert, nor does independent research reveal, that he filed any subsequent applications for conditional or unconditional release in state court.

## The Petition

In the instant petition, Morgan asserts a single ground for relief, challenging the legality of the 1994 state court judgment on the ground that his attorney was ineffective for entering a plea of not guilty by reason of insanity.[2] Specifically, Morgan writes:

> My nephew stabbed me three times and I stabbed him once and my public defender entered a plea of not guilty by reason of insanity (NGRI).

(Docket No. 1 at 5). Morgan includes no allegations that he has recovered his sanity or that he is no longer ill or dangerous, nor does he specifically state an intent to challenge a state court decision denying him conditional or unconditional release.

---

[2] Morgan writes that he challenges a 1993 circuit court decision in which he entered a plea of not guilty by reason of insanity to charges of assault in the first degree, armed criminal action, and unlawful use of a weapon. (Docket No. 1 at 1). However, as set forth above, the record indicates that the Circuit Court of the City of St. Louis entered judgment acquitting Morgan in March of 1994. It is obviously this 1994 judgment Morgan references.

2

Morgan states that he sought various forms of review on the grounds that his attorney rendered ineffective assistance and his plea was unconstitutional. He also claims that he applied for conditional release on the grounds that the trial court had no jurisdiction to accept his plea. However, he provides few details and no dates regarding these prior proceedings. Attached to the petition are records from Morgan's prior habeas proceedings in this Court, a September 29, 2014 circuit court order denying him counsel in civil proceedings concerning an application for conditional release, and an April 21, 2014 letter from the Supreme Court of the United States indicating that a petition for writ of certiorari was denied. (Docket No. 1, Attach. 1 at 1-2).

**Discussion**

To the extent Morgan can be understood to challenge the 1994 state court judgment, the petition is subject to dismissal because it is successive. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "[a] claim presented in a second or successive habeas corpus application ... shall be dismissed." 28 U.S.C.A § 2244(b). The Supreme Court has recognized that this prohibition does not foreclose a second petition that raises a claim that was "unripe" at the time of the first habeas petition. *Panetti v. Quarterman*, 551 U.S. 930, 943-45 (2007). Here, while it does not appear that Morgan raised the claim he asserts in ground one in his earlier habeas proceedings, the claim was ripe and could have been raised there. Therefore, to the extent Morgan attempts to raise the claim here, the petition is subject to dismissal as successive. See 28 U.S.C.A § 2244(b).

The petition is also untimely. Section 2254(d)(1) of Title 28 establishes a one-year limitation period on petitions filed pursuant to § 2254. The state court judgment Morgan seeks to challenge in the instant petition was rendered in 1994, and Morgan filed the instant petition

more than twenty years later, on June 7, 2017.[3] By any calculation, Morgan filed the instant petition in excess of the limitation period.

To the extent that petitioner can be understood to seek conditional or unconditional release, the petition is subject to dismissal due to his failure to exhaust his available state remedies. Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). The exhaustion requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief "still open to the habeas applicant at the time he files his application in federal court." *Humphrey v. Cady*, 405 U.S. 504, 516 (1972).

Most of the cases defining the contours of the exhaustion requirement arose from challenges to state custody following criminal conviction. However, the Eighth Circuit has recognized that the exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009). "To satisfy the exhaustion requirement, a person confined in the Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus. Additionally, if the application for release is denied, the confined

---

[3] The Court determines the instant petition to have been filed on June 7, 2017, the date Morgan avers he placed it in the mail. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002).

4

person must appeal to the Missouri Court of Appeals." *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991) (internal citation omitted).[4]

A search of records on Missouri Case.Net failed to reveal that Morgan has applied for conditional or unconditional release to any state court since filing the 2014 application described above. Therefore, to the extent Morgan can be understood to seek conditional or unconditional release, the instant petition is subject to dismissal due to his failure to exhaust his available state remedies. To the extent Morgan can be understood to challenge the same decision he challenged in *Morgan v. Javois*, Case No. 4:14-cv-150-JMB (E.D. Mo. Nov. 5, 2015), he has already been denied relief on the basis that he procedurally defaulted his claim. For all of the foregoing reasons, Morgan's § 2254 petition for writ of habeas corpus will be dismissed in its entirety.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (*citing*

---

[4]*Kolocotronis* further holds that "if unsuccessful [in the Missouri Court of Appeals], [the confined person must] apply for transfer to the Missouri Supreme Court," *id.*, based on *Jones v. Ritterbusch*, 548 F. Supp. 89, 90 (W.D. Mo. 1982). In 2001, after both *Kolocotronis* and *Jones* were decided, the Missouri Supreme Court amended Supreme Court Rule 83.04 to provide that "[t]ransfer by this Court is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review." *See Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir. 2002). Following this amendment, the Eighth Circuit has held that it is not necessary to apply for transfer to the Missouri Supreme Court to exhaust state remedies for purposes of § 2254. *See id.*

5

*Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Morgan has made no such showing here, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Reginald Morgan's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner Reginald Morgan's petition for writ of habeas corpus (Docket No. 1) is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that petitioner Reginald Morgan's motion to appoint counsel (Docket No. 5) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 28th day of September, 2017.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

6